# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2020

Lyle W. Cayce
Clerk

No. 19-60444
Summary Calendar

Yerandy Valdes Ruiz,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 586 786

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Yerandy Valdes Ruiz, a native and citizen of Cuba, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge denying his application for asylum, withholding of removal, and relief under the Convention Against

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60444

Torture (CAT). The BIA determined that the immigration judge's adverse credibility ruling was not clearly erroneous, given the inconsistencies in the record concerning, inter alia, the following: the injuries that Valdes Ruiz sustained when detained by Cuban police in June 2016, the extent to which the police burned off Valdes Ruiz's anti-regime tattoo, the fact that, prior to his testimony, Valdes Ruiz failed to mention that his girlfriend had been detained in Cuba, and the multiple non-responsive answers Valdes Ruiz provided to questions posed during his hearing, particularly regarding when certain events occurred .

We review for substantial evidence the findings that Valdes Ruiz is not credible, *see Wang v. Holder*, 569 F.3d 531, 536-40 (5th Cir. 2009), and that he is not eligible for asylum or CAT relief, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, we may not reverse a factual finding unless the evidence compels it. *Wang*, 569 F.3d at 536-37. Additionally, we will not uphold an adverse credibility determination if it is unsupported by the record and based on pure speculation or conjecture. *Id.* at 537. Because Valdes Ruiz has failed to brief any argument regarding the denial of his claim for withholding of removal, that claim is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Valdes Ruiz must demonstrate that the evidence compels a contrary conclusion, but he has not done so. *See Wang*, 569 F.3d at 537. The adverse credibility ruling was not based on pure speculation or conjecture. *See id.* Instead, it was supported by the record and based on specific inconsistencies in statements made by Valdes Ruiz during his credible fear interview, in his asylum application and supporting documents, and at an immigration hearing. *See id.* His alternative explanations for some of the inconsistencies do not show that, under the totality of the circumstances, no reasonable factfinder could have found him incredible. *See id.* at 537-38. Additionally, Valdes Ruiz fails to point to evidence in the administrative record supporting

2

his claims for asylum and CAT relief, other than his tattoo, his father's persecution by Cuban officials, and general statements in certain documents concerning political-based persecution in Cuba. Therefore, given the adverse credibility determination and Valdes Ruiz's lack of evidence, the BIA's decision is supported by substantial evidence. *See Dayo v. Holder*, 687 F.3d 653, 657-59 (5th Cir. 2012). Finally, Valdes Ruiz is not entitled to CAT relief because he has not shown that it is "more likely than not that he [. . .] would be tortured if removed" to Cuba. 8 C.F.R. § 208.16(c)(2).

Accordingly, Valdes Ruiz's petition for review is DENIED.